# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT

Everett McKinley Dirksen
United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604



Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

## ORDER

August 11, 2025

*By the Court:*

| | |
|---|---|
| Nos. 25-2322, 25-2323, 25-2324, 25-2325, 25-2326, & 25-2327 | IN RE: ABBOTT LABORATORIES, ET AL. PRETERM INFANT NUTRITION PRODUCTS LIABILITY LITIGATION<br><br>TERRAINE ABDULLAH, on her own behalf and as Parent and Natural Guardian of H.S., a minor, et al.,<br>    Plaintiffs - Appellants<br><br>v.<br><br>MEAD JOHNSON & COMPANY LLC, et al.,<br>    Defendants - Appellees |

| Originating Case Information: |
|---|
| District Court Nos: 1:22-cv-00071, 1:24-cv-11759, 1:24-cv-11760, 1:24-cv-11761, 1:24-cv-11763, 1:24-cv-11764, & 1:24-cv-11765<br>Northern District of Illinois, Eastern Division<br>District Judge Rebecca R. Pallmeyer |

A review of appellant Christina Taylor's docketing statement and the district court's docket suggests that appeal No. 25-2326 may be moot.

Generally, an interlocutory appeal becomes moot when the district court reaches a final decision. *See Auto Driveaway Franchise Sys., LLC v. Auto Driveaway Richmond, LLC*, 928 F.3d 670, 674–75 (7th Cir. 2019). Here, Taylor brings an interlocutory appeal under 28 U.S.C. § 1292(b) from a July 3, 2025, order denying her motion to remand, but the district court later granted remand on July 24, 2025. An order remanding a case is a final decision. *See Hammer v. U.S. Dep't of Health & Hum. Servs.*, 905 F.3d 517, 525 (7th Cir. 2018). Moreover, Taylor has obtained the relief she seeks, and one may not typically appeal after winning to change the grounds for her victory. *See, e.g., In re UAL Corp. (Pilots' Pension Plan Termination)*, 468 F.3d 444, 449 (7th Cir. 2006). Nor may this court

generally review an order remanding a removed case under 28 U.S.C. § 1447(d), whether through § 1292(b) or otherwise. *See In re WTC Disaster Site*, 414 F.3d 352, 366 (2d Cir. 2005) (collecting cases extending § 1447(d) to § 1292(b) appeals). Accordingly,

**IT IS ORDERED** that Taylor and appellees each shall file, on or before August 25, 2025, a brief memorandum stating why appeal No. 25-2326 should not be dismissed for lack of jurisdiction. A motion for voluntary dismissal of appeal No. 25-2326 under Rule 42(b) of the Federal Rules of Appellate Procedure from Taylor will satisfy this requirement. Briefing is **SUSPENDED** in these consolidated appeals pending further court order.

form name: **c7_Order_BTC**    (form ID: **178**)